RODGERS, Justice,
(dissenting):
I realize that this Court has given this case an unusually long and careful study, hut I cannot bring myself to agree with my associates on the conclusion they have reached. I am convinced that the question here involved was a jury, issue; and I believe that there was ample testimony, direct and circumstantial evidence, and inferences to be drawn from the testimony to warrant the jury in concluding that the claim of Mr. Dennis was a personal claim and not a claim for money paid by Dennis to Ready-Mix for materials used in the James contract.
It is obvious to me that the debt to Ready-Mix was Mr. Clark’s 'debt. He owed for the sand and gravel used in the James contract, which was then due to Ready-Mix. When he did the construction work on the Dennis project, the money used by Dennis to apply to the Clark account was money due to Clark. All the testimony shows this to be true. Dennis now says he agreed with Ready-Mix jo apply the money paid by Dennis (out of the estimates due to Clark) to the Dennis contract. However, the testimony also shows that Dennis and Clark had other business in which Dennis was letting Clark have money, so that, the claim of Dennis is based upon his allegation of a mistake in bookkeeping.
The law requiring the claimant, assignee, to establish his claim by a preponderance of the evidence is not a question of equity, but is a rule of evidence requiring proof in a court of law. If the money paid by Dennis to Ready-Mix was Clark’s money, he simply paid Clark’s debt due Ready-Mix for the material furnished on the James' contract and Dennis has no right of recovery.
The jury could have, and probably did, take into consideration the fact that the suit was originally filed by Ready-Mix for more than was due it so as to take care of the claim of Dennis. When it developed that Dennis based his claim upon a mistake, the burden of proof was upon Dennis not only to show that it was his money being used to pay Ready-Mix and not money due to Clark, but that he paid it by mistake. The burden of proof was not upon the surety of James to prove Dennis made no mistake. It was the burden of Dennis to prove it was his money and that he paid it by mistake.
The jury did not believe that the Dennis claim was established. I think the jury had sufficient evidence on which to base its verdict denying the claim of Dennis and I am convinced that to disregard the verdict.of the jury in this case is to retry ■ the facts in this Court.
This is the reason I cannot agree with the majority opinion, modifying the original opinion, and must respectfully dissent to any judgment in favor of Mr. Dennis.
SMITH, J., joins in this dissent.